Dear Mr. Cespiva:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment of the mayor or aldermen of the Town of Ball to the Board of Waterworks District #3. You ask the following:
 Whether an alderman or the Mayor of the Town of Ball can be appointed to the Board of Waterworks District #3 if such an appointment is contemplated in the Mayor's or alderman's job description, and, in the alternative if appointment by the Town of Ball of one of its aldermen or Mayor is prohibited then, whether the Mayor or an alderman from the Town of Ball can be appointed to the Board by any other entity holding appointive authority such as the Rapides Parish Police Jury or City of Pineville and, if such an appointment can be made, under what circumstances should it be made in order to pass legal muster?
Pertinent to your inquiry are the provisions of R.S. 42:63 (D) which provide as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
In Atty. Gen. Op. No. 99-229 this office observed that the prohibition as stated in R.S. 42:63 (D) does not prohibit an individual from simultaneously holding local elective office and part-time appointive office. However, it was noted that the concern would be the prohibition of R.S. 42:64 wherein it provides the following:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana. A board or commissioner so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent.
In the latter opinion this office recognized that a waterworks district is a creature of the parish police jury, and has a board membership of eight members, six to be appointed by the police jury and the remaining two to be appointed by the municipality included within the district. It was then concluded, "Because the waterworks district is a creature of the parish, the commission may count within its membership an individual who concurrently serves as police juror, as R.S. 42:64 specifically permits same."
However, in Atty. Gen. Op. No. 99-144 it was recognized that R.S.42:64 generally prohibits dual officeholding where the incumbent of one of the offices appoints incumbents of the other office. Thus, this generally prohibits the members of a governing board from appointing themselves. Additionally, it was observed that the exception of R.S. 42:64 (A)(1), that permits local governmental subdivisions to appoint members of the governing body to boards or commissions "created by them", is not applicable to an alderman since the Waterworks District is a creature of the parish and not the municipality. Therein is stated, "The situation which is prohibited by law is the simultaneous holding of waterworks commissioner and the local elected office of alderman, for the aforesaid reasons."
Therefore, we would conclude that the Mayor or an Alderman cannot be a commissioner on the Board of Waterworks District #3 pursuant to their job description. Such a job description is inconsistent with the statute which prohibits a member of a governing authority appointing themselves to a board when it has not created the board. While they do not make the appointment but become the appointee as part of their job description, they create the provisions that set this forth in the job description as the municipal governing authority.
You ask if such an appointment pursuant to the job description is prohibited, can the mayor or an alderman be appointed to the Board by any other entity that appoints to the Waterworks District Board, and we find this would be permissible.
Pertinent to your inquiry are the provisions of R.S. 33:3813 (C) which provides in part that where a municipality is to be included in a waterworks district the board of commissioners shall consist of eight members, with six appointed by the police jury, and two to be appointed by the governing authority of the municipality, and if two municipalities are included in the district, the governing authority of each shall appoint one member.
We note that the prohibition of R.S. 42:64 is that no office shall be held by the same person when the incumbent of one of the offices "has the power to appoint the incumbent of the other". In this regard we note that under R.S. 33:3813 the Police Jury shall appoint six members and the Town of Ball can appoint one member. Therefore, the Town of Ball does not participate in the six appointments to be made by the police jury or the appointment by the City of Pineville. Thus, the mayor or an alderman does not have the power-to appoint any of these six members. The only restrictions on the Police Jury in their six appointments under R.S. 33:3812 is that members of the board be a resident of and assessed with not less than five hundred dollars worth of real estate in the district. Thereafter it is provided in R.S.33:3813 (B) that the police jury shall exercise discretion in the choice of said commissioners.
Accordingly, we conclude the Mayor or an Alderman from the Town of Ball could be appointed to the Board by the Parish Police Jury when they meet the qualifications of the statute.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr